UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TALEL SALEM, et al**,

       Plaintiffs,

v.

       CASE NO.: 1:19-cv-220

       Hon. Hala Y. Jarbou

**METNA CO. et al.,**       Magistrate Sally J. Berens

       Defendants.

___

**Nakisha Chaney (P40635)**
Salvatore Prescott & Porter
Attorney for Plaintiffs
105 East Main Street
Northville, MI 48167
248-679-8711
chaney@spplaw.com

**Lisa C. Ward (P38933)**
Law Offices of Lisa C. Ward, PLLC
Attorney for Defendants Soroushian &
Metna Co.
4331 Okemos Rd., Ste. 12
Okemos, MI 48864
(517) 347-8100
lisacwardlaw@gmail.com

___

### JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for May 11, 2021, at 11:00 a.m. before the Honorable Sally J. Berens. Appearing for the parties as counsel will be:

    For Plaintiffs:    Nakisha Chaney
    For Defendants:    Lisa C. Ward

1. <u>Jurisdiction:</u> The basis for the Court's Jurisdiction is as follows:

    (i) This Court has original jurisdiction pursuant to 28 USC 1343 and supplemental jurisdiction pursuant to 28 USC 1367(a).

    (ii) Based upon the information available at this time, there are no objections to jurisdiction.

2. <u>Jury or Non-Jury:</u> This case is to be tried before a jury.

3.  Judicial Availability:

    (i) <u>The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, or to order the entry of final judgment</u>.

4.  Statement of the Case:

**Plaintiffs' Statement of the Case:** This is a labor exploitation and discrimination case in which then-Michigan State University Professor/Academic Advisor Parviz Soroushian, as determined after an Office of Institutional Equity and separate independent counsel investigation, leveraged his position and power within MSU to force Plaintiffs, foreign graduate students, through means of intimidation, abuse and threat of academic harm, to provide, for little to no pay, physical and skilled labor at Soroushian's private company for his (and others') private benefit, subjecting them to conditions to which he did not subject his American graduate student. Plaintiffs bring claims of forced labor, discrimination, wage and hour violations and related torts. Plaintiffs disagree that Counts I-III (forced labor and trafficking claims) were dismissed with prejudice as represented by Defendants below, nor does the Court's order state such. (PageID.695)

**Defendants' Statement of the Case:** Defendants, Dr. Soroushian and Metna Co., deny all allegations of wrongdoing and deny that they violated any statutes and/or constitutional provisions.  All of the alleged wrongdoing set forth in the complaint involve Dr. Soroushian's conduct as a private citizen managing his private company, Metna Co., located in Lansing, Michigan.  Dr. Soroushian permitted students to work part-time and conduct research at Metna Co., a company he owns.  Metna Co. is a privately owned, for-profit company and is not open to the public.

Plaintiffs' claims are based on a defective "investigation" by the Office of Institutional Equity at MSU, which lacked even minimal requirements of due process.  Defendant Soroushian never discriminated against, abused, or exploited Plaintiffs.  While at Metna Co., Defendant Soroushian allowed Plaintiffs to create their own schedules, and much of the time Plaintiffs spent at Metna Co. was using equipment for their own research.  Plaintiff Salem worked part-time and Plaintiff Ramli was an unpaid intern while at Metna Co.

On November 14, 2019, this Court issued an Order dismissing Count X (Title IX Sex Discrimination) of Plaintiff's First Amended Complaint with prejudice (ECF No. 66).  On April 13, 2021, this Court issued an Order dismissing Counts I, II, and III (federal labor trafficking claims) with prejudice (ECF No. 108).  Plaintiffs' remaining claims fail as a matter of law because Plaintiffs are unable to establish that Defendant Soroushian is a state actor under federal law; that Metna Co. is a program or activity receiving federal financial assistance under Title VI; and that Plaintiffs are employees under the FLSA.  In the alternative, Defendants maintain that Dr. Soroushian has qualified immunity for all actions Plaintiffs allege were committed by Defendant Soroushian while he was an employee of MSU.

5.  Prospects of Settlement:  There was an invitation from Plaintiffs to begin settlement discussion while awaiting the judge's ruling on Defendants' Motion for Summary

Disposition.  Defendant Soroushian indicated that he would postpone any further discussion until a decision on the Motion had been issued.  There have been no additional settlement discussions since then. The parties are amenable to voluntary facilitative mediation prior to the close of discovery.

6. <u>Pendent State Claims:</u> This case does include pendent state claims.  The pendent state claims are as follows:

    Count IV: Michigan Human Trafficking Victims Protection Act MCL 752.983; 750.462b; 750.462d
    Count V: Benefiting from Human Trafficking Enterprise MCL 752.983; 750.462d(b)
    Count VIII: National Origin Discrimination (Educational) MCL 37.2401 *et seq.*
    Count IX: National Origin Discrimination (Educational) MCL 37.2201 *et seq.*
    Count XI: Gross Negligence MCL 691.1407
    Count XII: Fraudulent Misrepresentation
    Count XIII: Silent Fraud
    Count XIV: Tortious Interference with a Contract
    Count XV: Intentional Infliction of Emotional Distress
    Count XVII: Michigan's Workforce Opportunity Wage Act MCL 408.414; 408.414a
    Count XVIII: Unjust Enrichment
    Count XIX: Quantum Meruit
    Count XX: Assault

All pendent state claims were held in abeyance by Court Order on May 21, 2019 (ECF No. 28).

7. <u>Joinder of Parties and Amendments of Pleadings:</u>
    (i) <u>The parties do not currently anticipate any amendments to their pleadings</u>.

8. <u>Disclosures and Exchanges:</u> Fed. R. Civ. P. 26 (a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26 (a)(1) disclosures:

    (a) Fed. R. Civ. P. 26 (a)(1) initial disclosures: The parties agree that Rule 26 (a)(1) disclosures will be due by **May 24, 2021**.

    (b) Fed. R. Civ. P. 26 (a)(2) disclosures: Plaintiffs will furnish the name, address, area of expertise, and a short summary of expected testimony of each expert witness to the other parties by **July 12, 2021**. Defendants will furnish the name, address, area of expertise, and a short summary of expected testimony of each expert witness to the other parties by **August 9, 2021**.

    (c) It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26 (a)(2). Reports, if required, should be exchanged according to the following schedule:

    **Plaintiffs' expert reports by November 8, 2021.**

**Defendants' expert reports by December 7, 2021.**

    (d)  The parties are unable to agree on voluntary production at this time

9. <u>Discovery</u>: The parties believe that all discovery proceedings can be completed in 12 months.  The parties recommend the following discovery plan:

(i)  The parties would propose that all discovery limitations and deadlines remain the same as those listed in the Federal Rules of Civil Procedure:

    (a)  Consistent with the Order Setting Rule 16 Scheduling Conference, depositions will be limited to 10 per side, and consist of no more than 7 hours.

    (b)  Consistent with the Order Setting Rule 16 Scheduling Conference, each side will be allowed 25 single-part question interrogatories.

(ii)  The parties agree that discovery in phases will not be necessary.

(iii)  The parties do not anticipate issues of privilege at this time. The parties agree to defer to the Federal Rules of Civil Procedure and Local Rules for the procedure of how to deal with any privilege issues that arise.

(iv)  The parties will defer to the Federal Rules of Civil Procedure as to limitations on discovery.

(v)  The parties do not anticipate the need for any other orders under Rule 26 (c).

10. <u>Disclosure or Discovery of Electronically Stored Information</u>: Emails will likely be a part of the discovery requests. The discovery of e-mail is not expected to be voluminous or burdensome beyond an amount that would be considered normal for a similar case. The parties do not anticipate any unique or unusual issues will arise.

11. <u>Assertion of Claims of Privilege or Work-Product Immunity After Production:</u> The parties do not anticipate issues of privilege at this time. The parties agree to defer to the Federal Rules of Civil Procedure and Local Rules for the procedure of how to deal with any privilege issues that arise.

12. <u>Motions</u>:   The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute.  In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

    (i)  The following dispositive motions are contemplated by each party:
- Defendants will file a motion for summary judgment seeking the dismissal of Plaintiffs' claims in their entirety.

    (ii)  The parties anticipate that all pre-motion conference requests will be filed prior to 30 days before trial.

13. <u>Alternative Dispute Resolution</u>:  In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

    <u>The parties recommend that this case be submitted to voluntary facilitative mediation prior the close of discovery</u>.

14. <u>Length of Trial:</u> The parties estimate the trial will last approximately 10 business days, allocated as follows: 5 days for Plaintiffs' case, 5 days for Defendants' case.

15. <u>Electronic Document Filing System:</u> Counsel are reminded that Local Civil Rule 5.7 (a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or particular document is not eligible for electronic filing under this rule. *Pro Se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must <u>file</u> documents electronically but <u>serve</u> *pro se* parties with paper documents in the traditional manner.

16. <u>Other:</u> The parties have no other anticipated issues at this time that need to be addressed.


Dated:  April 30, 2021                          BY:  <u>/s/ Nakisha Chaney</u>
                                                     Nakisha Chaney (P40635)
                                                     Salvatore Prescott & Porter
                                                     Attorney for Plaintiffs
                                                     105 East Main Street
                                                     Northville, MI 48167
                                                     248-679-8711
                                                     chaney@spplaw.com


Dated:  April 30, 2021                          BY:  <u>/s/ Lisa Ward (w/consent)</u>
                                                     Lisa C. Ward (P38933)
                                                     Law Offices of Lisa C. Ward, PLLC
                                                     Attorney for Defendants Soroushian &Metna Co.
                                                     4131 Okemos Road, Suite 12
                                                     Okemos, MI 48864
                                                     (517) 347-8100